GONZÁLEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 86.—Decided February 20, 1911.

RECORD—OMISSION TO STATE SUPERFICIAL AREA.—CURABLE DEFECT.—The omission to state the superficial area of an estate, when such area does not appear from the dominion title, is no ground for refusing its record, which should be made, taking note of said omission.

The facts are stated in the opinion.

Mr. Raul Benedicto for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed executed in the city of San Juan on December 31, 1910, before Notary José Benedicto, Pascasia González purchased from Jaime Fort an urban property, described as follows:

"Urban property.—A house and lot situated in *barrio* Santurce, of this city, the house being of a single story, of frame construction, with a galvanized iron roof; 4 meters wide by 7 meters deep; and the lot measures 7 meters wide on the east, bounded by an alley; 8 meters on the west, bounded by the property of Valentina Salazar; 14 meters on the north, bounded by the property of Martín Candelario; and 13 meters on the south, bounded by· the property of the vendor."

The said lot is a portion segregated from another lot, which is described as follows:

"Urban property.—A lot situated in *barrio* Santurce, of this city, measuring 14 meters on the north, bounded by the property of Martín Candelario; 10 meters on the south, bounded by the property of the estate of Juan Ascnsio; 28.75 meters on the east, bounded by the property of Fernando Schluter, separated by an alley, and measuring 27.35 centimeters on the west, bounded by the property of Gustavo Fort, upon which lot there is situated a one-story frame house with a zinc roof 4 meters wide by 7 meters in depth."

The said deed having been presented for record at the Registry of Property of San Juan, Section 1, admission thereof was denied in the following memorandum decision:

"Admission of the foregoing document to record is denied because it does not state the superficial area of the property, which defect, although it is curable, nevertheless prevents its admission to record, because as this area must be segregated from the principal lot, it cannot be determined in the first place whether or not the former contains sufficient area in order to form the new lot; and in the second place, it would create confusion in the identification of the principal lot if segregations were made without expressly calculating and fixing the area thereof; and a cautionary notice, effective for the period provided by law, has been entered at folio 66 of volume 17 of Santurce, north, property No. 734, entry letter A. San Juan, P. R., January 18, 1911. The Registrar, José S. Belaval."

This appeal has been taken from that decision and is now before us for our consideration. For the decision thereof we will consider the legal provisions applicable to the case:

"Every record made in the registry shall state the nature, location, and bounds of the realty * * * its superficial area * * * name and number, if they appear in the deed." (Article 9, subdivision 1, of the Mortgage Law.)

"The superficial area shall be stated in the manner in which it appears in the instrument and with the denominations employed therein; but if said measurement does not appear in the instrument, this fact shall be stated in the record." (Article 63, subdivision 4, of the Regulations.)

In view of such definite legal provisions, it is clear that the failure to state the superficial area of the property, when it does not appear from the title, would not warrant the registrar in refusing to record the same, but the record mentioning the fact that the measurements are not given should be entered.

The decisions of the General Directorate of Registries of Spain of May 17, 1880, and February 3, 1886, support the foregoing doctrine.

In this case it can be determined without any great diffi-

culty that the principal lot is sufficiently large to permit of the segregation which is the object of the record sought and denied.

We realize the convenience of stating the area of all properties recorded in order to identify them properly and avoid the frauds facilitated by the omission thereof; but as the law requires that the area of the property be given only when it appears in the title presented we cannot disregard the clear provisions of the laws, which must be strictly applied, leaving it to the legislature to repeal or modify them.

For the reasons stated we are of the opinion that the decision of the registrar of January 18 of last year should be reversed.

*Reversed.*

Justices Wolf, del Toro, and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.